PHILIP J. SCHOTLAND AND HELEN JEDELL, PLAINTIFFS-RESPONDENTS, v. ALBERT HIRSCH, DEFENDANT-APPELLANT.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs-respondents, *Philip J. Schotland.*

For the defendant-appellant, *Precker & Precker (Michael S. Precker,* on the brief).

PER CURIAM.

Plaintiffs sued defendant for rent and obtained a directed verdict for $390 for six months' rent, November 1st, 1929, to April 30th, 1930, inclusive, at $65 per month, under a written lease for a term beginning October 1st, 1929, and

ending November 1st, 1930. The lease provided that the defendant, as tenant, should pay the plaintiffs, as landlords, "the annual rental or sum of $780, payable in equal monthly payments of $65 each in advance on the first business day of each and every month during the term" of the lease. E. Sonnabend was plaintiffs' agent for the collection of rents during and prior to the month of September, 1929, and until sometime in the month of October, 1929, when he was discharged. On or about September 12th, 1929, the defendant gave a check to E. Sonnabend, drawn to the order of the latter, individually, in the amount of $455 with the purpose of thereby paying the rent for the months of October, November and December, 1929, and January, February, March and April, 1930. Sonnabend neither reported nor accounted for the collection to the plaintiffs. Defendant received notice during the month of October, 1929, that Sonnabend had been discharged as agent. The trial judge held that as Sonnabend was the authorized agent up to and including the date of the accrual of the October rent the plaintiffs were chargeable with so much of the payment to him as represented the rent for that month, but that the agency thereafter, with notice to the defendant, having ceased, the balance of the payment to Sonnabend was not chargeable as a payment to the plaintiffs.

Appellant specified four determinations with which he was dissatisfied. The first and second are that the court refused to receive in evidence a check paid on October 30th, 1928, to Feist & Feist, the then agents for the property, and that the court excluded a question intended to prove that payment. The argument is that the excluded testimony would tend to prove a similar transaction indicating authority on the part of the agent to receive a lump payment for several months' rent in advance, but (1) the agent with respect to whom the evidence was offered is not the agent in question; (2) the lease or other agreement under which the transaction occurred was neither proved nor offered; and (3) the payment to Sonnabend was under a new, written agreement between plaintiffs and defendant under which no

earlier payments had been made and by the terms of which the rent was payable in monthly installments *on the first business day of each and every month*. For these several reasons we consider that the exhibit and the testimony were properly excluded.

The third specification is that the court erred in declining to receive the testimony of one Louis Nass. Assuming, but not deciding, that the situation as developed was equivalent to the asking of a question, the overruling of the same and the noting of an exception thereon, we merely observe that the subject-matter was another phase of the dealings with Feist & Feist and was irrelevant for the reasons noted above.

The fourth specification is that the District Court erred in directing a verdict in favor of the plaintiffs. We think it unnecessary to say more than that there were no salient facts in dispute. The defendant was bound by his written contract to pay certain moneys which he had not paid to anyone authorized to receive them. The only questions in dispute were legal ones. The award hung only on the determination of these questions. The court followed the correct procedure.

Judgment below is affirmed, with costs.